IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KEVIN L. PENCE                                                                                                    PLAINTIFF

vs.                                          Civil No. 2:20-cv-02152

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION                                                                                                DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") and Plaintiff's Amended Motion for Attorney's Fees. ECF Nos. 24 and 27. Plaintiff filed his original motion and requested $120.00 per hour in paralegal fees for 2021. ECF No. 24. In his amended motion, Plaintiff requested $75.00 per hour in paralegal fees for 2021. ECF No. 27. Defendant has responded to Plaintiff's request for attorney's fees. ECF No. 26. In this response, Defendant objects to 2.0 attorney hours from 2020 and 2021 and objects to 3.0 paralegal hours from 2020 and 2021 as being improper or excessive.[1] *Id.*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this Motion to the Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

1. **Background:**

Kevin L. Pence ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits. ECF No. 1. On May 4, 2021,

---

[1] Defendant also objects to Plaintiff's request for attorney's fees because Defendant claims the paralegal rate is excessive. ECF No. 26. With Plaintiff's amended motion, Plaintiff only requests $75.00 per paralegal hour. ECF No. 27. Based upon the original response, Defendant has no objections to a $75.00 paralegal rate.

1

Plaintiff's case was reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF Nos. 22-23.

On August 17, 2021, Plaintiff filed the present amended Motion requesting an award of attorney's fees under the EAJA. ECF No. 27. With this Motion, Plaintiff requests an award of attorney's fees in the total amount of $4,149.50. *Id.* This amount includes 1.80 attorney hours from 2020 at an hourly rate of $202.50; 17.0 attorney hours from 2021 at an hourly rate of $205.00; and 4.00 paralegal hours from 2020 and 2021 at an hourly rate of $75.00. *Id.* Defendant responded to this Motion and objects to 2.0 attorney hours from 2020 and 2021 and objects to 3.0 paralegal hours from 2020 and 2021 as being improper and excessive. ECF No. 26.

**2.**     **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme

Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.     Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 22-23. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF No. 26. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $4,149.50. ECF No. 27-2. This amount includes 1.80 attorney hours from 2020 at an hourly rate of $202.50, 17.0 attorney hours from 2021 at an hourly rate of $205.00, and 4.0 paralegal hours from 2020 and 2021 at an hourly rate of $75.00. *Id.* These requested hourly rates for attorney work are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates for 2020-2021. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, the attorney hour rates of $202.50 (2020) and $205.00 (2021) are authorized by the CPI-South Index. Thus, the Court recommends those amounts be awarded.

The Court has also reviewed Plaintiff's request for 1.80 attorney hours for work performed in 2020 and 17.0 attorney hours for work performed in 2021. ECF No. 27-2. Defendant objects to 2.0 hours of attorney work as being improper or excessive and claims this amount should be reduced or eliminated. ECF No. 26. For example, Defendant claims the 1.0 attorney hour expended on August 20, 2020, four days before the lawsuit in this action was filed on August 24, 2020, was improper and was not compensable because this was administrative-level work. In support of this claim, Defendant cites to *Ramsey v. Astrue,* 2012 WL 4174990, at *2 (W.D. Ark. Aug. 16, 2021) which disallowed "time spent reviewing ALJ and Appeals Council's decision and communications with administrative level counsel." In *Ramsey,* however, the legal work was performed *over one month* before the lawsuit was filed. Here, the legal work was performed *four days* before this lawsuit was filed. Thus, the Court finds no basis for disallowing this amount.

Furthermore, Defendant argues Plaintiff's other objected-to entries—which total 1.0 hour—are excessive. These entries include, for example, 0.3 hour for "[a]ttorney received and reviewed Defendant's Answer." ECF No. 26 at 4. Upon review of these entries, the Court finds the requested hours are compensable under EAJA and finds no basis for reducing Plaintiff's requested amount. Thus, the Court recommends the requested amounts be awarded for 2020 and 2021.

The Court has also considered Plaintiff's request for paralegal fees. In Defendant's response, Defendant objects to 3.0 of the 4.0 of Plaintiff's paralegal hours. ECF No. 26. Defendant claims the 3.0 hours of the 4.0 hours are improper or excessive. Again, upon review, and for the same reasons as outlined above, the Court recommends these requested paralegal hours not be reduced.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010). ECF No. 26. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id*. 130 S.Ct. at 2528. Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.   Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff's Motions for Attorney's Fees (ECF Nos. 24 and 27) be **GRANTED**, and Plaintiff be awarded **$4,149.50.** This amount includes 1.80 attorney hours from 2020 at an hourly rate of $202.50; 17.0 attorney hours from 2021 at an hourly rate of $205.00; and 4.00 paralegal hours from 2020 and 2021 at an hourly rate of $75.00.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 21st day of September 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE